UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MADHUKAR RANA, | ) No. CV-10-370-JPH |
| | ) |
| Plaintiff, | ) ORDER FOLLOWING ORAL ARGUMENTS: |
| | ) |
| v. | ) **X**   MOTION FOR LEAVE TO FILE |
| | ) SECOND AMENDED ANSWER |
| | )         **X**   MOTION GRANTED |
| BAINS INVESTMENTS INC., et al., | )             **(ECF No. 51)** |
| | ) |
| | ) **X**   MOTION FOR LEAVE TO AMEND |
| Defendant. | ) SCHEDULING ORDER |
| | )         **X**   MOTION GRANTED |
| | )             **(ECF No. 67)** |
| | ) |
| | ) **X**   MOTION FOR SUMMARY JUDGMENT |
| | ) AND/OR PARTIAL SUMMARY JUDGMENT |
| | )         **X**   MOTION DENIED |
| | )             **(ECF No. 46)** |
| | ) |
| | ) **X**   MOTION TO CONTINUE TRIAL |
| | ) DATE |
| | )         **X**   MOTION DENIED |
| | )             **(ECF No. 74)** |

Date of hearing: September 26, 2011.

   A hearing was held and oral arguments were heard on defendants motions for leave to amend the scheduling order **(ECF No. 67)**; for leave to file a second amended answer **(ECF No. 51)**; and to continue the trial date **(ECF No. 74).** Oral arguments were also heard on plaintiff's motion for summary judgment or partial summary judgment **(ECF No. 46).**  Plaintiff also moved orally for attorney's fees in bringing this motion.  The court reserved judgment on plaintiff's oral motion, giving the parties leave to file a supplemental memorandum and corresponding affidavits. Counsel Patrick Pleas and Gary Smith were present on behalf of

ORDER FOLLOWING ORAL ARGUMENTS - 1

the plaintiff.  Counsel Robert Siderius was present on behalf of defendants.

**MOTION FOR LEAVE MOTION FOR LEAVE TO AMEND SCHEDULING ORDER AND MOTION TO FILE SECOND AMENDED ANSWER**

Defendants' first amended answer failed to either admit or deny paragraph 7 of the plaintiff's complaint which states: "Plaintiff was an employee of Defendant's within the meaning of 29 U.S.C. § 203(e) of the FLSA."  The failure to deny allegations of the complaint, except as to the amount of damage, constitutes an admission thereof.  FRCP 8(b)(6).  An admission in an answer is binding until withdrawn.  FRCP 8(b)(6).  Defendants filed a motion for leave to file second amended answer.  (ECF No. 51). Defendants later filed a motion for leave to amend scheduling order to allow leave to file second amended answer.  (ECF No. 67).

The Court heard arguments and considered briefs from counsel regarding these motions.  Counsel for the plaintiff argued they are entitled to rely on the court rules and corresponding legal implications despite any prejudice it may cause the defendants. Counsel for the defendants argued they repeatedly denied the assertion that plaintiff was defendants' employee throughout their amended answer and discovery.  Defense counsel reminded the court that motions to amend pleadings are to be construed liberally, and stated that the failure to admit or deny was an oversight.

The court finds that a party seeking to amend a pleading after the date specified in the scheduling order must first move to amend the scheduling order and demonstrate "good cause" for

ORDER FOLLOWING ORAL ARGUMENTS - 2

amendment under Rule 16(b); then if "good cause" is shown, the party must also move for leave to amend the pleading and demonstrate an amendment is proper under Rule 15.  *C.F. ex rel. Farnan v. Capistrano Unified School Dist.* 2011 WL 3634159 (9th Cir. 2011) at *7-8;  *See also Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 608 (9th Cir. 1992).

The court conducted a good cause analysis pursuant to Rule 16(b) in which it cited the following language from a recent Ninth Circuit case which affirmed a lower courts decision to amend a scheduling order:

> The district court did not abuse its discretion in concluding that this event, rather than any bad faith or dilatory purpose, motivated Corbett's request, and that Corbett thus did not unduly delay. We also credit the district court's determination that the amendment *"created no meaningful case management issues"* and did not *"infringe[ ] on the efficient adjudication"* of the litigation…*No additional discovery was necessary* and no delay ensued."

*Farnan,* 2011 WL 3634159 at *7 (emphasis added; internal citations omitted).

Similarly, the court found that granting the defendants' motion would not create any meaningful case management issues, infringe on the efficient adjudication of the litigation, or create a need for additional discovery.  Furthermore, the court noted that plaintiff should have known that the employment status of the defendant was a disputed fact.[1]

---

[1] The court referenced defendants oral argument in which counsel pointed out the defendants repeatedly denied every allegation relating to the employment of plaintiff such as: "Plaintiff worked as an employee of Flying B7 from November 11, 2008 and through February 22, 2009."  Defendants also denied the allegation: "Plaintiff was Defendants' employee under RCW Chapter 49.46."  (ECF No. 1, 20).  29 U.S.C. § 203(e) of the FLSA and RCW 49.46 both define an "employee"

ORDER FOLLOWING ORAL ARGUMENTS - 3

For the above mentioned reasons, and further based on a review of the case records, the briefs of the parties and oral arguments, **the court finds good cause exists to grant the defendants' motion to amend the scheduling order (ECF No. 67).** The court also finds, for the reasons stated in the good cause analysis above and for those reasons articulated in oral arguments and corresponding briefs, allowing defense counsel leave to correct its oversight, does not create prejudice the plaintiff, is not sought in bad faith, does not produce undue delay in litigation and is not futile. Therefore, pursuant to **Rule 15, the court grants the defendant's motion to for leave to file second amended answer (ECF No. 51).**

**The scheduling order is** hereby **amended to allow** the defendants **to file a second amended answer** no later than **Monday, October 3, 2011.**

**MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rule 56, plaintiffs filed a motion for summary judgment and/or partial summary judgment. **(ECF No. 46).** A court should grant a motion for summary judgment whenever "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FRCP 56(a).

Counsel for the plaintiff argued there are two issues that must be established: whether the plaintiff was employed by the defendant and, if so, how many hours did he work. In support of his summary judgment motion and as evidence of these issues,

---

as: "any individual employed by an employer."

plaintiff proffered excerpts from the depositions of Gangadeep Bains, the declaration of Madhukar Rana, the declaration of Michelle Kultgen, the declaration of Christopher Blessing, excerpts from the deposition of Kedar Raj Shrestha, a handwritten chart prepared by the plaintiff and others detailing the dates and hours he worked, and two receipts produced during discovery which indicate the defendant paid the plaintiff $1000 in cash from the register. (ECF No. 48).  In response, and as evidence of plaintiff's lack of employment status, the defendants proffered the declaration of Gangadeep Bains, excerpts from the deposition of Kedar Shreshtha, the declaration of Nabin Joshi.

The court noted that the purpose of summary judgment is not to permit the court to decide issues of fact; instead, it is to determine whether there is an issue of fact to be tried.  Hence, it is not the place of the court at this stage in litigation to make credibility determinations.  The court also noted that it must draw all reasonable inferences on behalf of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

Based on a review of the case record, the briefs submitted by the parties, the evidence proffered by the parties, and oral arguments, **the court finds** the threshold issue of material fact, plaintiff's employment status, is disputed.  Thus, the court **denies plaintiff's motion for summary judgment and/or partial summary judgment. (ECF No. 46).**

**MOTION TO CONTINUE TRIAL DATE**

The Court heard arguments from counsel. Counsel for the defendant argued they seek the continuance in order to ensure one of their witness would be present at the trial. As the outcome of this case will likely be determined on credibility issues, defense counsel argued that it is important for the trier of fact to see each witness testify in person. Counsel for the plaintiff opposed the motion to continue and stated that his client would like to resolve this matter so that he can return to Nepal and see his family. The court **denies the defendant's motion to continue to trial (ECF No. 74).**

   **IT IS ORDERED** that:

   1.  Pursuant to Rule 16, the court finds good cause exists to grant the defendant's motion to amend the scheduling order (ECF No. 67).

   2.  Pursuant to Rule 15, the court grants the defendant's motion to for leave to file second amended answer (ECF No. 51).

   3.  **The scheduling order is hereby amended to allow the defendants to file a second amended answer no later than Monday, October 3, 2011.**

   4.  Pursuant to Rule 56, the court denies plaintiff's motion for summary judgment and/or partial summary judgment. (ECF No. 46).

   5.  The court **denies the defendant's motion to continue to trial (ECF No. 74).**

   The District Court Executive is directed to file this Order and provide copies to counsel.

   DATED this 26th day of September, 2011.

                              s/James P. Hutton
                              JAMES P. HUTTON
                    UNITED STATES MAGISTRATE JUDGE